United States District Court
Southern District of Texas
**ENTERED**
February 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCUS BELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00140 |
| | § | |
| HINOJOSA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND
## RECOMMENDATION TO DISMISS CASE AS MODIFIED

Pending before the Court is Plaintiff Marcus Bell's complaint (D.E. 1) for initial screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. On July 21, 2022, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation to Dismiss Case (D.E. 16), recommending that Plaintiff's complaint be dismissed with prejudice and counted as a "strike" for purposes of 28 U.S.C. § 1915(g). Petitioner timely filed his objections (D.E. 21) on August 15, 2022. *See* D.E. 20 (Order granting extension of time).

First, Plaintiff provides his own account of the facts of the case. D.E. 21, pp. 1-3. While he appears to characterize the factual recitations of the M&R as erroneous or incomplete, he has not argued how this version of the facts requires a different analysis of the causes of action. Because such a presentation does not point out with particularity any error in the Magistrate Judge's analysis, it does not constitute a proper objection and will

1 / 9

not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely reurges arguments contained in the original petition).  To the extent that his factual recitation is intended to constitute an objection, it is **OVERRULED**.

Second, in several parts of his objections, Plaintiff invokes the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) and argues that Defendants have violated his rights and discriminated against him as a disabled person.  *See* D.E. 21, pp. 2, 4-7, 19-20.  Nothing in his complaint (D.E. 21) references an ADA or RA claim.  Neither does he identify any part of his *Spears* hearing or any other document that purports to seek an amendment of his complaint to include such a cause of action.  A claim raised for the first time in objections to an M&R is not properly before the district court and therefore is waived.  *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also, e.g., Place v. Thomas*, No. 2-40923, 2003 WL 342287, at *1 (5th Cir. Jan. 29, 2003) (per curiam).  The second objection is **OVERRULED**.

Third, Plaintiff objects to the dismissal of his complaint regarding deliberate indifference to serious medical risk because Defendants knew that he was in severe pain and that the work he was ordered to do would aggravate that pain.  D.E. 21, p. 4.  This argument fails to show any error in the M&R's analysis because the M&R further notes that Plaintiff was receiving medical care for his pain and a medical waiver constituting a work excuse needs to come from medical personnel, but had been denied.  D.E. 16, pp. 11-

12.  "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  The third objection is **OVERRULED**.

Fourth, Plaintiff objects to the dismissal of his claim for excessive force, again recounting his version of the facts with great detail and citing TDCJ de-escalation policies. D.E. 21, pp. 7-10.  However, as the M&R demonstrated, the facts do not support an excessive force claim because of the context of Defendant Hinojosa's effort to maintain or restore discipline and the inadvertent (rather than malicious or sadistic) nature of the offending conduct.  D.E. 16, pp. 7-10.

Neither does the failure to follow prison policies compel a different result.  For instance, "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).  The standard for an excessive force claim is based on constitutional principles, not prison policies.  The fourth objection is **OVERRULED**.

Fifth, Plaintiff complains that Defendant Hinojosa's conduct constituted an assault, again citing to TDCJ policies.  D.E. 21, pp. 11-17.  He further states that the M&R improperly construed the facts against Plaintiff, minimizing the nature of Defendant Hinojosa's aggressive behavior and construing Defendant Garza's actions as attention to Plaintiff's well-being rather than as an effort to eliminate evidence of the assault and

impede an investigation.  He further faults the M&R for failing to take into account the Covid-19 pandemic's risks and social distancing guidelines, thereby minimizing the threat of Defendant Hinojosa's spittle.

The Magistrate Judge recognized that "spitting can be an assault and in some circumstances in the inmate excessive force context, should result in finding that the inmate has stated a claim."  D.E. 16, p. 9.  However, the Magistrate Judge found that "this unfortunate interaction does not amount to excessive force or any other constitutional violation." *Id.*, p. 10.  This Court finds no error in the Magistrate Judge's analysis in this regard and finds that the Magistrate Judge properly construed the allegations in Plaintiff's favor.  And while there may be Covid-19 social-distancing guidelines, Plaintiff has failed to show that such guidelines have the force of law so as to constitute a basis for a § 1983 claim.

While, under his assault analysis, Plaintiff also objects to the decision to dismiss claims against Defendant Garza, he has not demonstrated that the Magistrate Judge's analysis is factually or legally erroneous.  As the M&R points out, if there is no actionable conduct, there can be no cover-up of actionable conduct.  This conclusion does not depend on whether Defendant Garza's conduct was malicious or benign.  So the objection is moot. The fifth objection is **OVERRULED**.

Sixth, Plaintiff objects that Defendant Garza violated his constitutional right of access to medical care by refusing to take him to be swabbed after Defendant Hinojosa's spittle settled on him.  D.E. 21, pp. 17-18.  Again, he relies on TDCJ rules and guidelines,

which do not supply a basis for a § 1983 claim, as set out above.  Additionally, there is no allegation that Defendant Hinojosa had an infectious disease or that, if he did, Defendant Garza knew about it.  Therefore, Plaintiff has not demonstrated the subjective knowledge of a substantial risk of serious harm that is the foundation of a deliberate indifference claim. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).  Plaintiff's sixth objection is **OVERRULED**.

Seventh, Plaintiff objects that the M&R adopted Defendant Hinojosa's defense, arrived at in collaboration with the hearing officer, that Defendant Hinojosa did not affirmatively spit on Plaintiff, but that the spittle merely landed on Plaintiff incident to animated communication in close range.  D.E. 21, p. 19.  The M&R's analysis takes Plaintiff's allegations as true.  D.E. 16, p. 6.  Nothing in the standard of review requires the Court to overlay the facts with assumptions regarding motives that are not apparent from the conduct and amount to mere speculation.

Plaintiff's own account of the incident states that Defendant Hinojosa was yelling at him regarding a prison discipline-related matter and that the spittle was emitted in the course of shouting, with no indication that spittle was intentionally projected onto Plaintiff. This is not a matter of the Magistrate Judge adopting the defense.  It is an accurate reading of the allegations under the standard of review and the rubric for decision.  Plaintiff's seventh objection is **OVERRULED**.

Eighth, Plaintiff objects that the M&R minimizes or excuses the delays by which he was required to spend extra time in segregation without a mattress or blanket during the

winter.  D.E. 21, pp. 20-21.  Plaintiff characterizes the delays as the result of intentional lies, making them malicious and resulting in unnecessary punishment for the sole purpose of causing harm.  He claims that the argument that he was unable to sign related documents is demonstrably untrue because he signed other documents at the same general time as he appeared at disciplinary proceedings.  And to characterize the housing as "unpleasant" fails to take into account the constitutional considerations of both the unnecessary extension of time in that housing assignment and the risks to him because of his previously-incurred injuries and pain.

None of Plaintiff's arguments negate the M&R's analysis.  Again, the Court does not ascribe speculative ulterior motives to otherwise unremarkable conduct.  While every moment that Plaintiff spent in segregated housing was a misery to him, the placement must violate constitutional standards of cruel and unusual punishment to be actionable.  "To the extent that such conditions [of confinement] are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society" unless they violate the minimal civilized measure of life's necessities.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff was placed in that housing pending resolution of his disciplinary matters. "[T]he Constitution does not mandate comfortable prisons, and prisons of [this] type, which house persons convicted of serious crimes, cannot be free of discomfort. Thus, these considerations properly are weighed by the legislature and prison administration rather than a court."  *Rhodes*, 452 U.S. at 349.  And "the length of [inhospitable] confinement cannot

be ignored in deciding whether the confinement meets constitutional standards" because some conditions may be tolerable for a short period, but not for a long period. *Hutto v. Finney*, 437 U.S. 678, 686 (1978).

Here, Plaintiff relates his pain not to a housing feature that caused it, but to features that failed to mitigate his preexisting painful injuries: a metal platform with no blanket or pillows. And while he complains of being cold, he does not allege what the cell temperature was, whether it was different from the temperature of cells in the general population, whether the cold caused any new injuries, or the chill was below what would be a tolerable human condition. And the confinement lasted two weeks. Plaintiff has not demonstrated that the conditions in segregated housing that he suffered were "barbarous" and "shocking to the conscience." *Novak v. Beto*, 453 F.2d 661, 670 (5th Cir. 1971). The ninth objection is **OVERRULED**.

Tenth, Plaintiff objects that his grievances, filed to satisfy administrative exhaustion requirements, were mishandled and this Court should open an investigation into the matter. D.E. 21, p. 22. He also complains that Defendant Sanchez blatantly ignored bench warrants on this matter. *Id*. at 23. However, as Plaintiff admits, he did not include in this case any cause of action related to the processing of his grievances. *Id*. at 22. And none of his claims addressed in this case are being dismissed for failure to exhaust administrative remedies. Therefore, the tenth objection is **OVERRULED** as moot.

Last, Plaintiff complains that he brought this action against Defendants in both their official and individual capacities. Their conduct not only exceeded their official duties,

7 / 9

but became criminal in nature.  Consequently, he writes, the "claim should not be dismissed without prejudice" pursuant to the Eleventh Amendment.   D.E. 21, p. 23.   Plaintiff misunderstands the Magistrate Judge's ruling.

First, the Eleventh Amendment dismissal is only as to Plaintiff's claims for money damages against the Defendants in their respective official capacities.  The claims against the Defendants in their individual capacities were addressed on their merits in the balance of the M&R.  Second, with respect to the official capacity claims, the M&R recommends dismissal with prejudice on the basis of the Eleventh Amendment.  D.E. 16, pp. 7, 17. Because Eleventh Amendment sovereign immunity deprives this Court of jurisdiction over those claims, the dismissal must be without prejudice.  *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

The Court **SUSTAINS** Plaintiff's last objection to the extent that it can be read to complain of a prejudicial dismissal and the Court **MODIFIES** the disposition accordingly. In all other respects, the last objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections with the exception of the dismissal with prejudice on the basis of the Eleventh

Amendment and, as **MODIFIED**, **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, (1) Plaintiff's claims for money damages against Defendants in their official capacity are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(1) for lack of jurisdiction under the Eleventh Amendment; (2) Plaintiff's claims for injunctive relief against Defendants in their official capacities are **DISMISSED WITH PREJUDICE** as rendered moot; and (3) Plaintiff's claims against Defendants in their individual capacities are **DISMISSED WITH PREJUDICE** for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The Court **ORDERS** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

This action is **DISMISSED** in its entirety.

ORDERED on February 16, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE